Battle, J.
 

 The construction, placed upon the covenant in question by the presiding Judge, makes it operate so unequal!}' upon the different parties, and produces effects so disastrous to the estate of one of them, that nothing but the plainest language in the instrument could induce us to adopt it. According to that construction, the plaintiff will be entitled to recover damages from the defendant, during an indefinite number of years, for not permitting him to have the offal from the fishery mentioned in the covenant, while it shall be fished, although it may become the property of another person, and the estate of the defendant’s testator may have no interest in it, and derive no profit from it. Surely the parties to the contract, supposing them to be men of ordinary understanding, never contemplated such a result; and we think that their contract, when fairly interpreted, does not lead to it. The covenant was executed on the 9th of August 1831, and stipulates that for the sum of $300, payable by three equal annual instalments, commencing on the 1st day of January, 1834, the plaintiff shall have all the offal from the fisheries of Bryan and the defen
 
 *386
 
 dant’s testator, provided they catch as many as five hundred barrels of fish
 
 per annum;
 
 but if they catch less than that number, then the plaintiff is to pay only in proportion ; and, if they fail to fish previous to the last payment, then he is to pay no more. So far, the contract seems plain; and to be nothing more than a purchase by the plaintiff, at an agreed price, and upon certain specified terms, of all the offal from the fishery of the other parties up to the close of the year 1836. And there the contract seems at the time to have ended, for the • attestation clause immediately follows. But after that is added, the clause, under which the plaintiff claims to recover in this action. It states that, “ It is further understood the said Capehart is to have the offal of the said fishery as long as it is fished.” Fished by whom I Certainly by the owners of the fishery, who are contracting- to let the piaintiffhave the offal. That is the natural construction ; and it is the only reasonable and fair one. For if the construction, contended for by the plaintiff be adopted, it will have the extraordinary effect, in the events which have happened, of giving him something like a perpetual annuity of the yearly value of the offal out of the estate of the defendant’s testator. We think that the contract terminated, at the latest, when Bryan and Williams ceased to be the owners of the fishery, and that the recognition of it by Williams, while he and Riddick were fishing in 1845, was founded in a clear mistake of its true meaning and intent.
 

 Per Curiam. Judgment reversed,